UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - Detroit

IN RE:

    Keith D Mcconnell

S.S.# xxx-xx-3309
    Debtor

and

    Lashar L Mcconnell

S.S.# xxx-xx-1589
    Joint-Debtor
        Debtor(s)
_____/

CASE NO. 14-58086
CHAPTER 13
JUDGE Tucker

**PLAN SUMMARY**
*For informational purposes only.*
ACP: **60** Months
Minimum Plan Length: **60** Months
Plan payment: **$97.95 per bi-weekly.**
Minimum dividend to Class 9 Creditors $ **0.00**
Percentage of Tax Refunds committed **100%**

**FIRST AMENDED CHAPTER 13 PLAN**

[ ] Original     **OR**     [X] Pre-Confirmation Modification # 1     [ ] Post-Confirmation Modification #

**NOTICE TO CREDITORS:**
**YOUR RIGHTS MAY BE AFFECTED. THIS PLAN MAY BE CONFIRMED AND BECOME BINDING WITHOUT FURTHER NOTICE OR HEARING UNLESS A TIMELY WRITTEN OBJECTION IS FILED.**
**READ THIS DOCUMENT CAREFULLY AND SEEK THE ADVICE OF AN ATTORNEY.**

I. **STANDARD MODEL PLAN; INCORPORATION OF ADDITIONAL TERMS, CONDITIONS AND PROVISIONS; ALTERATIONS NOTED:**

    A. **THIS PLAN IS SUBJECT TO AND INCORPORATES BY REFERENCE THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS WHICH MAY BE FOUND AT WWW.13EDM.COM or WWW.MIEB.USCOURTS.GOV.**

        **INTERESTED PARTIES MAY ALSO OBTAIN A WRITTEN COPY OF THE ADDITIONAL TERMS, CONDITIONS AND PROVISIONS APPLICABLE TO CHAPTER 13 PLANS FROM DEBTOR'S COUNSEL UPON WRITTEN REQUEST.**

    B. This Plan conforms in all respects to the Standing Chapter 13 Trustees' Model Plan which is referenced in Administrative Order 12-05 issued by the U.S. Bankruptcy Court for the Eastern District of Michigan. Those sections of this Plan that vary from the Model Plan are listed in this paragraph (any alterations not stated in this section are void):V.D.; V.P.; V.U.; V.X.

II. **APPLICABLE COMMITMENT PERIOD; PLAN PAYMENTS; PLAN LENGTH; EFFECTIVE DATE AND ELIGIBILITY FOR DISCHARGE:**

    A.  ☒ Debtor's Current Monthly Income exceeds the applicable State median income. Debtor's Applicable Commitment Period is 60 months. Debtor's Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

Chapter 13 Model Plan - version 3.0

1

☐ Debtor's Current Monthly Income is less than or equal to the applicable State median income. Debtor's Applicable Commitment Period is 36 months. Debtor's Plan Length shall be ___ months from the date of entry of the Order Confirming Plan. **This is a minimum Plan length**. If the Plan has not been completed in the minimum Plan length, the Plan length shall be extended as necessary for completion of the requirements of the Plan; provided that in no event will the Plan term continue beyond 60 months from the date of entry of the Order Confirming Plan. *See Paragraph J of the Additional Terms, Conditions and Provisions for additional information regarding Completion of Plan.*

If neither or both of the above boxes is checked, then the Applicable Commitment Period and the Plan Length shall be 60 months from the date of entry of the Order Confirming Plan.

B. Debtor's plan payment amount is **$97.95 per bi-weekly.**

C. Future Tax Refunds. *See Paragraph A of the Additional Terms, Conditions and Provisions for additional information regarding Tax Refunds and Tax Returns.*

---

**FOR CASES ASSIGNED TO BAY CITY DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 50% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal and State Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal and State Tax Refund pro-ration shown in Schedule I.

---

**FOR CASES ASSIGNED TO DETROIT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☒ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case to the extent the refund exceeds the sum of twelve times the amount of the Federal Tax Refund pro-ration shown in Schedule I.

---

**FOR CASES ASSIGNED TO FLINT DIVISION:** *Check only one box. If none are checked or more than one box is checked, paragraph 2 shall apply:*
1. ☐ Debtor's Plan proposes a 100% dividend to unsecured creditors. Therefore, Debtor is not required to remit any future tax refunds.
2. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *does not* include a pro-ration for anticipated tax refunds. Debtor will remit 100% of all Federal Tax Refunds that Debtor receives or is entitled to receive after commencement of the case.
3. ☐ Debtor's Plan proposes less than a 100% dividend to unsecured creditors and Debtor's Schedule I *includes* a proration for anticipated Federal Tax Refunds. Debtor is not required to remit Federal Tax Refunds in excess of the amount of the proration shown on Schedule I.

---

D. ☐ if the box to the immediate left is "checked", the debtor acknowledges that debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

☐ if the box to the immediate left is "checked", the joint debtor acknowledges that joint debtor **is not** eligible for a discharge pursuant to 11 USC §1328.

E. ☐ if the box to the immediate left is "checked", the debtor or joint debtor is self-employed **AND** incurs trade credit in the production of income from such employment. Debtor shall comply with the requirements of Title 11, United States Code, and all applicable Local Bankruptcy Rules regarding operation of the business and duties imposed upon the debtor.

III. **DESIGNATION AND TREATMENT OF CLASSES OF CLAIMS:** *See Paragraph F of the Additional Terms, Conditions and Provisions for additional information regarding the order in which claims are to be paid.*

   A. **Class One – TRUSTEE FEES** as determined by statute.

   B. **Class Two – ADMINISTRATIVE CLAIMS, INCLUDING ATTORNEYS FEES AND COSTS:**

   1. **PRE-CONFIRMATION ATTORNEY FEES:** At confirmation of the Plan, Counsel shall elect to either:
      a. In lieu of filing a separate fee application pursuant to 11 USC §327 and §330, accept the sum of $ **3,000.00** for services rendered plus $ **0.00** for costs advanced by Counsel, for total Attorney Fees and Costs of $ **3,000.00** through the Effective Date of the Plan. The total Attorney Fees and Costs less the sum of paid to Counsel prior to the commencement of this case as reflected in the Rule 2016(b) Statement leaving a net balance due of $ **3,000.00**, will be paid as an Administrative Expense Claim; **or**
      b. Request an award of compensation for services rendered and recovery of costs advanced by filing a separate Application for Compensation for services rendered up through the date of entry of the Order Confirming Plan pursuant to 11 USC §327 and §330. If Counsel elects to file a fee application pursuant to this sub-paragraph, the Trustee shall escrow **$5,000.00** for this purpose. *See Paragraph B of the Additional Terms, Conditions and Provisions for additional information.*

   2. **POST-CONFIRMATION ATTORNEY FEES:** *See Paragraph D of the Additional Terms, Conditions and Provisions for additional information.*

   3. **RETENTION OF OTHER PROFESSIONALS FOR POST-PETITION SERVICES:** Debtor ☐ has retained or ☐ intends to retain the services of (name of person to be retained) as (capacity or purpose for retention) to perform professional services post-petition with fees and expenses of the professional to be paid as an Administrative Expense. *See Paragraph C of the Additional Terms, Conditions and Provisions for additional information.*

   4. **OTHER ADMINISTRATIVE EXPENSE CLAIMS:** Any administrative expense claims approved by Order of Court pursuant to 11 USC §503 shall be paid as a Class Two administrative claim. *See Paragraph E of the Additional Terms, Conditions and Provisions for additional information.*

   C. **CLASS THREE – SECURED CLAIMS TO BE STRIPPED FROM THE COLLATERAL AND TREATED AS UNSECURED CLAIMS TO BE PAID BY TRUSTEE.** If the Debtor and the Lienholder agree to the lien strip, the Debtor and Lienholder shall file a Stipulation in the bankruptcy case and submit a proposed Order accomplishing the lien strip. If the Debtor does not have the agreement of the Lienholder, then Debtor shall timely file an Adversary Proceeding as required by the Administrative Orders, Guidelines and Procedures promulgated by the Bankruptcy Court for the Eastern District of Michigan. *See Paragraph G and Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

| Creditor | Collateral |
|---|---|
| -NONE- | |

   D. **CLASS FOUR - SECURED CLAIMS ON WHICH THE LAST CONTRACTUAL PAYMENT IS DUE BEYOND THE LENGTH OF THE PLAN. 11 USC §1322(b)(5).**

   1. **Continuing Payments that come due on and after the date of the Order for Relief** *(See Paragraph P, Paragraph L and Paragraph EE of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Collateral | Monthly Payment | Direct, Via Trustee or Surrendered |
|---|---|---|---|
| -NONE- | | | |

Chapter 13 Model Plan - version 3.0

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com Best Case Bankruptcy

2. *Pre-Petition Arrearages to be paid by Trustee: Those amounts which were due as of the filing of the Order for Relief:*

| Creditor | Collateral | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| -NONE- | | | | |

E. **CLASS FIVE - SECURED CLAIMS ON WHICH THE LAST PAYMENT WILL BECOME DUE WITHIN THE PLAN DURATION. 11 USC §1322(c)(2).** (See Paragraph H, Paragraph L and Paragraph O of the Additional Terms, Conditions and Provisions for additional information):

1. **Creditors to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(B):**

| Creditor/Collateral | Indicate if modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid Including Interest | Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| CitiMortgage/19425 Marx Detroit, MI 48203 | Surrendered | 30,000.00 | 0.00% | 0.00 | 0.00 | Trustee |

2. **Creditors not to be paid Equal Monthly Payments, 11 USC §1325(a)(5)(A):**

| Creditor/Collateral | Indicate if "crammed", modified or surrendered | Market value of collateral | Interest Rate (Present Value Rate) | Total to be paid including interest | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|---|---|---|
| Bass & Associates/2005 Kawasaki VN2000 | Crammed | 4,000.00 | 5.00% | 4,529.02 | 75.48 | Trustee |
| Art Van/Consumer Purchase | Modified | 0.00 | 5.00% | 1,930.50 | 32.18 | Trustee |

F. **CLASS SIX – EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES. 11 USC §§365, 1322(b)(7):** – Debtor assumes the executory contracts and unexpired leases listed in subparagraph 1. *(See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):*

1. **Continuing Lease/Contract Payments:**

| Creditor | Property | Monthly Payment | Lease/Contract expiration date | Direct or Via Trustee |
|---|---|---|---|---|
| Cepeda Phillips | 19425 Marx Detroit, MI 48203 | $1,000.00 | lease ending February 2016 | Direct |

2. *Pre-petition Arrearages on Assumed Executory Contracts and Leases (to be paid by Trustee):*

| Creditor | Property | Arrears Amount | Estimated Average Monthly Payment | Months to Cure From Confirmation Date |
|---|---|---|---|---|
| -NONE- | | | | |

3. *Debtor rejects the executory contracts and unexpired leases listed in this subparagraph 3. Any unexpired lease or executory contract that is neither expressly assumed in Class 6.1 above or expressly rejected below shall be deemed rejected as of the date of confirmation of debtor's chapter 13 plan to the same extent as if that unexpired lease or executory contract was listed below. (See Paragraph K of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Property |
|---|---|
| -NONE- | |

G. **CLASS SEVEN – PRIORITY UNSECURED CLAIMS. 11 USC §§507, 1322(a)(2).**

1. *Domestic Support Obligations: Continuing Payments that come due on and after the date of the Order for Relief:*

Software Copyright (c) 1996-2015 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

14-58086-tjt    Doc 33    Filed 03/04/15    Entered 03/04/15 17:10:56    Page 4 of 11

| Creditor | Monthly Payment | Direct or Via Trustee |
|---|---|---|
| -NONE- | | |

*2. Domestic Support Obligations: Pre-Petition Arrearages due as of the filing of the Order for Relief:*

| Creditor | Arrears Amount | Estimated Average Monthly Payment | Direct or Via Trustee |
|---|---|---|---|
| -NONE- | | | |

*3. All Other Priority Unsecured Claims [11 U.S.C. §1322(a)(2)]*

| Creditor | Amount | Direct or Via Trustee |
|---|---|---|
| -NONE- | | |

**H. CLASS EIGHT – SEPARATELY CLASSIFIED UNSECURED CLAIMS. 11 USC §1322(b)(1):** *(To be paid by Trustee): (See Paragraph M of the Additional Terms, Conditions and Provisions for additional information):*

| Creditor | Amount | Interest Rate | Reason for Special Treatment |
|---|---|---|---|
| -NONE- | | | |

I. **CLASS NINE - GENERAL UNSECURED CLAIMS** *(to be paid by Trustee): – See Paragraph N of the Additional Terms, Conditions and Provisions for additional information.*

☒ This Plan shall provide a total sum for distribution to creditors holding Class 9 General Unsecured claims in an amount that is not less than the Amount Available in Chapter 7 shown on Attachment 1, Liquidation Analysis and Statement of Value of Encumbered Property (the "Unsecured Base Amount"). This Plan shall provide either (i) the Unsecured Base Amount; or (ii) will continue for the full Plan Length as indicated in Paragraph II.A of this Plan, which ever yields the greater payment to Class 9 Unsecured Creditors. *See Attachment 2, Chapter 13 Model Worksheet, Line 8, for additional information concerning funds estimated to be available for payment to Class 9 Unsecured Creditors.*

☐ This Plan shall provide a dividend to holders of Class 9 General Unsecured Claims equal to 100% of allowed claims.

If neither box is checked or if both boxes are checked, then the plan shall pay the Unsecured Base Amount.

IV. **OTHER PROVISIONS:**

A. ☐ if the box to the immediate left is "checked", creditors holding claims in Class Seven, Eight and Nine shall receive interest on their allowed claims at the rate of **0.00%** per annum as required by 11 USC ~1325(a)(4).

B. 1. The second sentence of Plan provision V.D. ("Upon entry of an Order Awarding Post- Confirmation Attorney Fees, if Debtor's Plan will not complete within 60 months of the date of the Order Confirming Plan, all unpaid Attorney fees and costs shall be paid by the Trustee only after a plan modification that allows Debtor's Plan to complete within 60 months from the date of the Order Confirming Plan is approved with notice as is appropriate to parties in interest") shall be stricken.

2. The reference to "Co-Debtor" in Plan provision V.P. shall be stricken.

3. The second and third sentences of Plan provision V.U. ("After confirmation of this Plan, if the debtor fails to maintain insurance as required by law or contract, any party in interest may submit a notice of default, served on debtor, debtor's counsel and the Chapter 13 Trustee, permitting 10 days from service of the notice in which to cure the default. If the default is not cured within the time permitted, the party in interest may submit an Order Granting Relief from the Automatic Stay as to the collateral to the Court along with an affidavit attesting to the debtor's failure to cure, and the stay may thereafter be lifted without further motion, notice or hearing") shall be stricken.

4. Plan provision V.X. shall be modified as follows: "In the event of conversion of this case to Chapter 7, applicable deadlines shall be governed by Fed.R.Bankr.P. 1019."

Software Copyright (c) 1996-2014 Best Case, LLC - www.bestcase.com

14-58086-tjt    Doc 33    Filed 03/04/15    Entered 03/04/15 17:10:56    Page 5 of 11

Best Case Bankruptcy

/s/ William D. Johnson  
William D. Johnson P54823  
Attorney for Debtor  
8900 E. 13 Mile Rd.  
Warren, MI 48093  
Street Address  
Warren, MI 48093-0000  
City, State and Zip Code  
filing@acclaimlegalservices.com  
E-Mail Address  
248-443-7033  
Phone Number  

/s/ Keith D Mcconnell  
Keith D Mcconnell  
Debtor  

/s/ Lashar L Mcconnell  
Lashar L Mcconnell  
Joint Debtor  

November 18, 2014  
Date

# ATTACHMENT 1

## LIQUIDATION ANALYSIS AND STATEMENT OF VALUE OF ENCUMBERED PROPERTY

| TYPE OF PROPERTY | FAIR MARKET VALUE | LIENS | DEBTOR'S SHARE OF EQUITY | EXEMPT AMOUNT | NON-EXEMPT AMOUNT |
|---|---|---|---|---|---|
| PERSONAL RESIDENCE | 30,000.00 | 65,510.78 | 0.00 | 0.00 | 0.00 |
| REAL ESTATE OTHER THAN PERSONAL RESIDENCE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| HHG/PERSONAL EFFECTS | 5,500.00 | 0.00 | 5,500.00 | 5,500.00 | 0.00 |
| JEWELRY | 1,350.00 | 0.00 | 1,350.00 | 1,350.00 | 0.00 |
| CASH/BANK ACCOUNTS | 569.00 | 0.00 | 569.00 | 569.00 | 0.00 |
| VEHICLES | 10,000.00 | 8,202.66 | 6,000.00 | 6,000.00 | 0.00 |
| OTHER (itemize) | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

Amount available upon liquidation $ 0.00

Less administrative expenses and costs $ 0.00

Less priority claims $ 0.00

Amount Available in Chapter 7 $ 0.00

CHAPTER 13 MODEL WORKSHEET
LOCAL BANKRUPTCY RULE 3015-1(B)(2 E.D.M.)

1. Length of Plan is __60__ months

2. Initial Plan Payment:
   $**212.22** per month x **60** months = **$12,733.20** (subtotal)

3. Additional Payments: $_____ per=

4. Lump Sums: $0.00

5. Total to be paid into Plan (total of lines 2 through 4) $12,733.20

6. Estimated Disbursements other than to Class 9 General Unsecured Creditors

   a. Estimated trustee's fees — $1,273.20

   b. Estimated Attorney Fees and costs through confirmation of plan — $3,000.00

   c. Estimated Attorney Fees and costs Post-confirmation through duration of Plan — $2,000.00

   d. Estimated Fees of Other Professionals — $0.00

   e. Total mortgage and other continuing secured debt payments — $0.00

   f. Total non-continuing secured debt payments (including interest) — $6,459.52

   g. Total priority claims — $0.00

   h. Total arrearage claims — $0.00

7. Total Disbursements other than to Class 9 General Unsecured Creditors (Total of lines 6.a through 6.h) — $ 12,732.72

8. Funds *estimated* to be available for Class 9 General Unsecured Creditors (item 5 minus item 7) — $ 0.48

9. Estimated dividend to Class 9 General Unsecured Creditors in Chapter 7 proceeding (see liquidation analysis on page 6) — $ 0.00

COMMENTS:

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE: **KEITH D. & LASHAR L. MCCONNELL**

Debtor.

Case Number: 14-58086 TJT
Chapter 13
Judge TUCKER

WILLIAM D. JOHNSON (P54823)
ACCLAIM LEGAL SERVICES, P.L.L.C.
8900 E. 13 Mile Rd.
Warren, MI 48093
(248) 443-7033

/

## PROOF OF SERVICE

Documents Served: First Amended Chapter 13 Plan

I hereby certify that on March 4, 2015, I electronically filed the foregoing Paper(s) with the Clerk of the Court using the ECF system which will send notification to such filing to the following:

Parties Served:
Chapter 13 Standing Trustee
Tammy L. Terry, Chapter 13 Trustee
535 Griswold, Suite 2100
Courtroom 1925
Detroit, MI 48226

and I hereby certify that I have mailed by United States Postal Service the Paper(s) to the following non-ECF participants **on the attached Creditor Matrix.**

/s/ Nicole M. Hollihan
**NICOLE M. HOLLIHAN**
Acclaim Legal Services, P.L.L.C.
8900 E. 13 Mile Road
Warren, MI 48093
248-443-7033
filing@acclaimlegalservices.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0645-2<br>Case 14-58086-tjt<br>Eastern District of Michigan<br>Detroit<br>Wed Mar  4 13:02:46 EST 2015 | Amsher Coll<br>600 Beacon Pkwy We<br>Birmingham, AL 35209-3120 | Art Van<br>Retail Services<br>Dept 7680<br>Carol Stream, IL  60116-7680 |
| Bass & Associates<br>3936 E. Fort Lowell Road<br>Suite 200<br>Tucson, AZ 85712-1083 | CitiMortgage<br>P.O. Box 6243<br>Sioux Falls, SD 57117-6243 | Citibank/The Home Depot<br>Citicorp Credit Srvs/Centralized Bankrup<br>Po Box 790040<br>Saint Louis, MO 63179-0040 |
| Credit One Bank<br>Payment Services<br>PO Box 60500<br>City Of Industry, CA 91716-0500 | Credit One Bank<br>Po Box 98873<br>Las Vegas, NV 89193-8873 | DTE Energy<br>One Energy Plaza<br>735 WCB<br>Detroit, MI  48226 |
| Dte Energy<br>Attention: Bankruptcy Department<br>Po Box 740786<br>Cincinnati, OH 45274-0786 | Eastern Account System INC.<br>Attn: Bankruptcy Dept.<br>Po Box 837<br>Newtown, CT 06470-0837 | First Usa,na<br>Po Box 15298<br>Wilmington, DE 19850-5298 |
| Franklin Collection Sv<br>2978 W Jackson St<br>Tupelo, MS 38801-6731 | HENRY FORD MACOMB HOSPITAL C/O MMCC ACCT Ã¯Â¿Â½<br>6324 TAYLOR DR<br>FLINT, MI 48507-4680 | Henry Ford Health Products<br>PO Box 553920<br>Harper Woods, MI 48225 |
| Henry Ford Health System<br>Dept 55115<br>PO Box 55000<br>Detroit, MI 48255-0001 | IC System<br>Attn: Bankruptcy<br>444 Highway 96 East; Po Box 64378<br>St. Paul, MN 55164-0378 | Merchants & Medical<br>6324 Taylor Rd<br>Flint, MI 48507-4685 |
| Michigan Bell Telephone Company<br>% AT&T Services, Inc<br>Karen Cavagnaro, Paralegal<br>One AT&T Way, Room 3A104<br>Bedminster, NJ 07921-2693 | Prog Finance, LLC<br>c/o Autumn Bushman<br>10619 South Jordan Gateway, #100<br>South Jordan, Utah 84095-3974 | Progressive Finance<br>11629 South 700 East<br>Draper, UT 84020-8376 |
| Schneiderman & Sherman<br>23938 Research Drive<br>Suite 300<br>Farmington, MI 48335-2605 | VANDA, LLC<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121-3132 | Francesca Abbo Lousia<br>8900 E. 13 Mile Rd.<br>Warren, MI 48093-2206 |
| Keith D McConnell<br>19425 Marx St.<br>Highland Park, MI 48203-1380 | Lashar L McConnell<br>19425 Marx St.<br>Highland Park, MI 48203-1380 | Tammy L. Terry<br>Buhl Building<br>535 Griswold<br>Suite 2100<br>Detroit, MI 48226-3681 |
| William D. Johnson<br>Acclaim Legal Services<br>8900 E. 13 Mile Rd.<br>Warren, MI 48093-2206 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Art Van
Retail Services
Dept. 7680
Carol Stream, IL 60116-7680

End of Label Matrix
Mailable recipients    27
Bypassed recipients     1
Total                  28